IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANI ADIA MCCALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-00429-S-BT |
| | § | |
| NEW AMERICAN FUNDING, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant New American Funding's Motion to Dismiss, or Alternatively, Motion to Transfer Venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §§ 1404, 1406; New American's Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e); and Plaintiff Shani Adia McCall's Motion for Default Judgment. For the reasons explained in these Findings, Conclusions, and Recommendation, the Court should DENY McCall's Motion for Default Judgment, (ECF No. 18); GRANT New American's Motion to Dismiss, (ECF No. 15); and DENY New American's Motion for a More Definite Statement, (ECF No. 16).

**Background**

McCall, who is proceeding *pro se* and *in forma pauperis*, initiated this civil action by filing a document entitled, "RESPA (Real Estate Settlement Procedures) Qualified Written Requests." Compl. (ECF No. 3); *see also* Ord. (ECF No. 6).

1

Unable to determine the nature of her claims, the Court issued a Notice of Deficiency and ordered McCall to refile her Complaint using a court-approved form. NOD (ECF No. 7). The Court also sent McCall a Magistrate Judge's Questionnaire. MJQ (ECF No. 9). In response, McCall filed an Amended Complaint, (ECF No. 8), and answered the Questionnaire, (ECF No. 10).

As best the Court understands her vague allegations, McCall resides in Charlotte, Virginia, and brings this action against New American to remove its mortgage lien on her property located in Charlotte, Virginia (the "Property"). Am. Compl. 1, 3-4; Pl.'s Resp. to MJQ 2, 5, 7. McCall alleges New American is a Texas corporation headquartered in Tustin, California, and has its principal place of business in Austin, Texas.[1] Am. Compl. 4; Pl.'s Resp. to MJQ 3. McCall claims she performed a "legal and financial audit" of New American which revealed that New American violated the Real Estate Settlement Procedures Act (RESPA), is not a noteholder in due course, and does not have legal ownership of the Property. Am. Compl. 4.

The Court ordered service on New American. *See* Ord. (ECF No. 11). And New American timely responded by filing its Motion to Dismiss and its Motion for More Definite Statement. McCall did not respond to either motion, and the time for filing a response has expired. Instead, McCall filed a Motion for Default

---

[1] New American asserts the proper defendant is Broker Solutions, Inc. d/b/a New American Funding. MTD 1.

Judgment, to which New American filed a response. The pending motions are all ripe for consideration.

The Court considers Plaintiff's Motion first.

## Motion for Default Judgment

McCall is not entitled to a default judgment. Rule 55 governs applications for default and default judgment. Fed. R. Civ. P. 55. Three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond within the time required by the Federal Rules of Civil Procedure. *Id.* The Clerk will enter a default when the party's default is established by an affidavit or otherwise. *Id.* (citing Fed. R. Civ. P. 55(a)). After the entry of default, a plaintiff may apply to the court for a default judgment. *Id.*

Here, New American was served on June 22, 2021, and filed its Motion to Dismiss on July 13, 2021, within 21 days. Therefore, New American is not in default; its responsive pleading was timely filed under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(a)(1)(A)(i), 15(a)(3). Moreover, the Clerk never entered default. Therefore, McCall is not entitled to a default judgment. Accordingly, the Court should deny McCall's Motion for Default Judgment.

## Motion to Dismiss

The Court should dismiss McCall's action because it was filed in the wrong venue. Under Rule 12(b)(3), a party may move to dismiss a claim for improper

venue. Fed. R. Civ. P. 12(b)(3). The Fifth Circuit has not ruled on which party bears the burden on a Rule 12(b)(3) motion, but "most district courts within this circuit have imposed the burden of proving that venue is proper on the plaintiff once a defendant has objected to the plaintiff's chosen forum." *Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*, 290 F. Supp. 3d 599, 605 (N.D. Tex. 2017) (Lynn, C.J.) (collecting cases); *see Floyd v. Kelly Servs., Inc.*, 2019 WL 4452309, at *1 (N.D. Tex. Aug. 30, 2019) (Rutherford., J.), *rec. adopted*, 2019 WL 4447538 (N.D. Tex. Sept. 16, 2019) (Kinkeade, J.).

When deciding a Rule 12(b)(3) motion, the Court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (per curiam) (citations omitted). The court may consider evidence in the record beyond the facts alleged in the complaint and its proper attachments. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (citations and internal quotation marks omitted) ("[T]he court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). "Absent an evidentiary hearing on a Rule 12(b)(3) motion, affidavits and other evidence submitted by the non-moving party are viewed in the light most favorable to that party." *Mem'l Hermann Health Sys. v. Blue Cross Blue*

*Shield of Tex.*, 2017 WL 5593523, at *4 (S.D. Tex. Nov. 17, 2017) (citing *Ambraco*, 570 F.3d at 238).

The general venue statute, 28 U.S.C. § 1391, sets out three categories of proper venue: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" and (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3). If, after considering all the evidence, a plaintiff's choice of forum does not fall within one of the § 1391(b) categories, then "venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 56 (2013).

Here, New American objects that venue is not proper in the Northern District of Texas. McCall failed to respond to New American's motion and failed to satisfy her burden to prove venue is proper in this district. Even accepting her allegations as true, McCall makes very few allegations related to venue. She does not allege that New American, the sole defendant, "resides" in the Northern District of Texas. Instead, she alleges New American is incorporated in Texas, and

it has its principal place of business in Austin, Texas.[2] Am. Compl. 4; Pl.'s Resp. to MJQ 2-3.

For venue purposes, however, the residency of a corporation is determined by reference to 28 U.S.C. § 1391(c)(2), which provides that a defendant corporation "shall be deemed to reside . . . in any judicial district in which [it] is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). And if a corporate defendant is subject to personal jurisdiction in a state with multiple judicial districts—like Texas, the "corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d). Based on McCall's limited allegations, New American could be subject to personal jurisdiction in Austin and thus be deemed to reside there for venue purposes. But Austin is located in Travis County, which is in the Western District of Texas. 28 U.S.C. § 124(d)(1). Therefore, McCall has not shown that New American resides in the Northern District of Texas.

McCall further fails to show that any substantial part of the events or omissions giving rise to her claims occurred in the Northern District of Texas or that the Property is situated here. Rather, she alleges the Property is located in Virginia. She also generally states "the audit occurred on behalf of Shani [McCall] in Northern District of Texas to New American Funding. Inactions of responding

---

[2] McCall also states New American is headquartered in Tustin, California. Pl.'s Resp. to MJQ 3.

to audit occurred there." Pl.'s Resp. to MJQ 4. But her claims in this action relate to the validity of New American's lien on the Property and its alleged violations of RESPA. She does not allege any facts to show that her claims arose out of the audit.

Accordingly, venue in the Northern District of Texas is improper, and the Court should dismiss this action under Rule 12(b)(3).

## Motion for a More Definite Statement

New American also seeks a more definite statement under Federal Rule of Civil Procedure 12(e). A motion for a more definite statement under Rule 12(e) is available where the pleading is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). McCall's allegations here are indeed so vague that New American cannot reasonably prepare a response. But because the Court should dismiss this action under Rule 12(b)(3), it should deny New American's Motion for a More Definite Statement as moot.

## Recommendation

For the reasons stated, the District Court should GRANT New American's Motion to Dismiss and DISMISS this action because McCall failed to establish venue is proper in this district. The Court should also DENY New American's Motion for a More Definite Statement as moot and DENY McCall's Motion for Default Judgment.

**SO RECOMMENDED**.

February 1, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).